# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES DAVID CONNER, JR. and | ) | |
| OLLIE JASON DURHAM | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:13-0848 |
| | ) | Judge Sharp |
| WILLIAMSON COUNTY JAIL, et al. | ) | |
|     Defendants. | ) | |

## M E M O R A N D U M

The plaintiffs, proceeding *pro se*, are inmates at the Dickson County Jail and the Williamson County Jail, respectively. They bring this action pursuant to 42 U.S.C. § 1983 against the Williamson County Jail and the Williamson County Sheriff's Department, seeking injunctive relief and damages.

At the time this action was filed, the plaintiffs were both inmates at the Williamson County Jail. They claim that conditions of their confinement at that facility are unconstitutional. More specifically, the plaintiffs allege that conditions at the Williamson County jail are unsanitary. In addition, they complain about inadequate plumbing, food that is nutritionally inadequate, and poor ventilation.

To establish a claim for § 1983 relief, the plaintiffs must plead and prove that a person or persons, while acting under color of state law, deprived them of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

A county jail or workhouse is not a person that can be sued under 42 U.S.C. § 1983. Rhodes

v.McDannel, 945 F.2d 117, 120 (6th Cir. 1991). Nor is a county sheriff's department a person subject to liability under § 1983. Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007). Of course, giving this *pro se* pleading a liberal construction, the Court could construe the complaint as an attempt to state a claim against Williamson County, the entity responsible for the operation of the Jail. However, for Williamson County to be liable, the plaintiffs would have to allege and prove that their constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. Monell v. Department of Social Services, 436 U.S. 658, 689-690 (1978). No such allegation appears in the complaint. Therefore, the plaintiffs have failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge